# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRANCE GRAVLEE HAWKINS,  )
                                                                               )
     Plaintiff,                              )
                                                                               )
v.                                               )          Case No. CIV-14-1024-R
                                                                               )
CAROLYN W. COLVIN, acting      )
Commissioner of Social Security,     )
                                                                               )
     Defendant.                             )

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the Social Security Administration's denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

**I.    Procedural History**

On August 8, 2011, Plaintiff applied for DIB and SSI with the Social Security Administration ("SSA") alleging a disability onset date of June 30, 2011. The SSA denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision and the Appeals Council declined Plaintiff's request for review. *See* Administrative Record ("AR") [Doc. No. 10], 1-3, 9, 12-20. This appeal followed.

**II.    The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-

step sequential evaluations process); 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, June 30, 2011. [AR 14]. At step two, the ALJ found Plaintiff to have degenerative disc disease, a severe impairment. *Id*. At step three, the ALJ determined Plaintiff's impairment neither meets nor medically equals any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. [AR 17]. The ALJ next assessed Plaintiff's residual functional capacity ("RFC"), finding Plaintiff could perform medium work with certain exertional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead.

[AR 17]. At step four, the ALJ, citing the pertinent entry in the *Dictionary of Occupational Titles* ("DOT"),[1] determined Plaintiff had past relevant work ("PRW") as a custodian. [AR 19]. The ALJ then found: "In comparing [Plaintiff's] residual functional capacity with the physical and mental demands of this work, . . . [Plaintiff] is able to perform it as actually and generally performed" and "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 C.F.R. 404.1565 and 416.965)." *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled within the meaning of the Act. *Id.*

### III. <u>Issues Presented on Appeal</u>

Plaintiff raises the followings claims of error: (1) "[t]he ALJ failed to make the legally required findings regarding the demands of [Plaintiff's] past work as actually performed"; (2)

---

[1] United States Department of Labor, Office of Administrative Law Judges, *Dictionary of Occupational Titles*, (4th ed. 1991), available at http://www.oalj.dol.gov/libdot.htm.

"[t]he ALJ erred by failing to make the legally required findings regarding the demands of [Plaintiff's] past work as generally performed by relying on testimony that conflicts with SSR 85-15 and the DOT without providing the legally required reasoning"; and (3) "[t]he ALJ's finding that [Plaintiff] retained the capacity to perform the demands of medium work is not supported by substantial evidence in light of new and material evidence submitted to the Appeals Council." [Doc. No. 14 at pp. 10, 12, 15].

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court neither reweighs the evidence nor substitutes its judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. Analysis

### A. The ALJ Did Not Err in Failing to Make Specific Findings Regarding the Demands of Plaintiff's Past Relevant Work as Actually Performed

Plaintiff argues the ALJ's failure to make specific findings regarding the demands of his PRW as he actually performed it "is error on the face of the decision under *Winfrey* [*v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)]." [Doc. No 14 at p. 15]. In *Winfrey*, the Tenth Circuit set forth the three-phase analysis an ALJ must undertake at step four: (1) assess the claimant's RFC; (2) determine the physical and mental demands of the claimant's PRW; and (3) decide whether the claimant has the ability to perform his PRW despite his RFC. *See* SSR 82-62, 1982 WL 31386, at *2-3. The ALJ must make specific findings at each of these three phases. *See Winfrey*, 92 F.3d at 1023; *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). If the three-phase analysis reveals that a claimant retains the RFC to perform *either* "[t]he actual functional demands and job duties of a particular past relevant job" *or* "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy," then the claimant will be found to be nondisabled. SSR 82-61, 1982 WL 31387, at *2; *see Andrade v. Sec'y of Health & Human* Servs, 985 F.2d 1045, 1050-52 (10th Cir. 1993). Because the ALJ's decision does not contain a listing of the particular duties involved in Plaintiff's PRW as he actually performed it, Plaintiff argues it is not based on substantial evidence and should be reversed and remanded.

An ALJ is permitted to rely upon the descriptions in the DOT and/or the testimony of a vocational expert (VE) in determining the demands of a claimant's PRW as it is generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2). Here, the ALJ permissibly relied on the testimony of the VE in deciding Plaintiff's PRW is that of "custodian (DOT

#382.664-010) medium, SVP 3." [AR 19]. By citing the specific DOT entry for Janitor,[2] which classifies that occupation as medium work and sets forth its specific demands, the ALJ incorporated that agency-approved source by reference in his decision. *See Campbell v. Astrue*, 525 F. Supp. 2d 1256, 1264 (D. Kan. 2007) (holding ALJ's reference to the DOT descriptions of plaintiff's prior jobs served to incorporate that source by reference). This served adequately to establish the ALJ's specific findings regarding the demands of Plaintiff's PRW at phase two of step four. *See Parise v. Astrue*, 421 F. App'x 786, 789 (10th Cir. 2010) (holding phase-two finding sufficient where ALJ did not make specific findings regarding claimant's PRW but referenced the pertinent DOT job listing); *Campbell*, 525 F. Supp. 2d at 1264 (holding ALJ's reference to DOT entries satisfied the requirement to make specific findings concerning the demands of plaintiff's PRW).

Given that the ALJ's phase-two finding is sufficient to establish the demands of Plaintiff's PRW as it is generally performed, his failure to delineate the demands of Plaintiff's PRW as actually performed warrants neither remand nor reversal where, as here, the ALJ stated he made his decision after "careful consideration of the entire record." [AR 14, 17]; *see Roland v. Colvin*, 2015 WL 1508317, at *3 (W.D. Okla. March 31, 2005) (holding that to the extent the ALJ's failure to expressly cite in his decision record evidence of Plaintiff's own description of his PRW was error, such error was harmless where the ALJ stated he had carefully considered all record evidence); *see also Best-Willie v. Colvin,* 514 F. App'x 728, 738 (10th Cir. 2013) ("The record supports the ALJ's conclusion, and the ALJ's failure to expressly cite evidence in support

---

[2] The VE used the title "custodian" in his testimony before the ALJ but the DOT entry he cited lists the occupational title for #382.664-010 as "Janitor." For purposes of this Report and Recommendation, the terms are interchangeable.

does not constitute error. The ALJ stated that she carefully considered all evidence in the record and we take her at her word." (*citing Hackett v. Barnhart*, 395 F.3d 1168, 1173)). Thus, Plaintiff's first contention on appeal – that it was error for the ALJ to fail to make specific findings regarding the demands of Plaintiff's past work as actually performed – is without merit.

**B. Substantial Evidence Supports the ALJ's Conclusion that Plaintiff Retains the Capacity to Perform his PRW as Generally Performed**

Plaintiff's second point of error appears to comprise two separate arguments: first, that the VE incorrectly identified the DOT listing for Plaintiff's past relevant work as 382.664-010 (Janitor), a medium job, rather than 381.687-014 (Cleaner), a heavy job [Doc. No. 14 at pp. 13-14]; and second, that the ALJ failed to provide the requisite reasonable explanation for his seemingly inconsistent conclusions that Plaintiff is capable of medium work despite being able to stoop only occasionally. [Doc. No. 14 at pp. 14-15]. Both points of error are without merit.

1. *The ALJ's Classification of Plaintiff's PRW as Janitor is Supported by Substantial Evidence*

Regarding whether the proper DOT classification of Plaintiff's PRW is that of Janitor or Cleaner, Plaintiff described the required duties at his two most recent places of employ – jobs he held in succession from 1996 to 2011 – as including custodial tasks such as vacuuming, sweeping, mopping, buffing floors, removing trash, washing windows, cleaning restrooms and offices; and groundskeeping tasks such as weeding, cutting grass, and trimming trees. [AR 200, 201]. Plaintiff reiterated these job duties at the administrative hearing. [AR 37]. Plaintiff's delineation of the demands of his PRW does little to clarify its proper DOT designation, however, given that the entries for Janitor and Cleaner both encompass all of the occupational demands so described. *Compare* DOT definition 382.664-010 *with* 381.687-014.

6

Plaintiff's description of the lifting requirements of his prior positions is more illuminating, however. In his benefits application, Plaintiff claimed the heaviest amount he lifted at either job was fifty pounds and the amount he frequently lifted was limited to twenty-five pounds. [AR 200, 201]. This is consistent with the definition of medium, not heavy, work. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds" whereas "[h]eavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(c), (d). Plaintiff's own description of the lifting demands of his PRW provides substantial evidence in support of the ALJ's conclusion, made in reliance on the VE's testimony, that the DOT entry for Janitor, a medium job, rather than Cleaner, a heavy job, accurately describes Plaintiff's PRW.

2. *The ALJ Did Not Err in Concluding Plaintiff Is Capable of Performing His PRW as Generally Performed*

Plaintiff contends it was error for the ALJ to fail to provide a reasonable explanation for the purported conflict between the ALJ's determination Plaintiff is limited by his RFC to stooping only on occasion and the VE's testimony Plaintiff can do the job of Janitor as generally performed, an occupation that involves frequent lifting. [Doc. No. 14 at pp. 14-15]. In support, Plaintiff points to SSR 85-15, which provides:

> If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact. However, because of the lifting required for most medium, heavy, and very heavy jobs, a person must be able to stoop frequently (from one-third to two-thirds of the time); inability to do so would substantially affect the more strenuous portion of the occupational base.

7

SSR 85-15(2)(b), 1985 WL 56857, at *7 (1985). And if the occupational evidence a VE provides is inconsistent with the information supplied by the DOT, the ALJ must "elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); *see Hackett*, 395 F.3d at 1175 (applying *Haddock* to nonexertional limitations); SSR 00-4p, 2000 WL 1898704, *2 (December 4, 2000); SSR 00-4p, 2000 WL 1898704, at *2 (December 4, 2000) (providing "[a]t the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, whether or not there is such consistency" between the VE's evidence and the DOT).

Here, the ALJ carried out his duty to fully develop the record regarding any inconsistency between the VE's testimony and the DOT. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000), *citing Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). An ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment." *Qualls*, 206 F.3d at 1373; *citing Gay*, 986 F.2d at 1341. At the hearing, the ALJ's hypotheticals to the VE encompassed all of the exertional and nonexertional limitations of the ALJ's assessment of Plaintiff's RFC. [AR 53]. Based on these questions, the VE testified Plaintiff could still perform his PRW. *Id.* When the ALJ asked the VE if his testimony was consistent with the DOT, the VE replied affirmatively. [AR 54]. Plaintiff, who bears the burden of proof at step four, points to no work-related limitation caused by his degenerative disc disease that the ALJ improperly omitted from the hypotheticals that he posed to the VE. It follows that substantial evidence exists to

support the ALJ's determination Plaintiff is capable of performing the work of Janitor as generally performed despite the stooping limitation of Plaintiff's PRW.

      C.      **The ALJ's Assessment of Plaintiff's Lifting Abilities Is Supported by Substantial Evidence Despite the New Evidence Plaintiff Submitted to the Appeals Council**

Plaintiff's final argument is that the Appeals Council erred in its conclusion that the qualifying new evidence Plaintiff submitted on appeal was insufficient to undermine the ALJ's RFC determination that Plaintiff remains able to lift fifty pounds occasionally and twenty-five pounds frequently. [Doc. No. 14 at 15-18]. This contention of error is without merit.

The evidence Plaintiff submitted with his administrative appeal comprises a series of "To Whom It May Concern" letters – three from Brett Whetstine, a physician's assistant,[3] and one from Ashutosh S. Karnik, M.D., a treating physician – asking that Plaintiff either be placed on light duty or excused from community service due to back pain [AR 416-18], and a "Medical Source Statement" Dr. Karnik prepared after the ALJ's October 24, 2013 decision but which relates to the period prior to that ruling, and in which Dr. Karnik fails to address the results of either of Plaintiff's MRI's. [AR 419-423]. The Appeals Council expressly acknowledged it considered Plaintiff's new evidence but found it "does not provide a basis for changing the [ALJ's] decision." [AR 2].

Evidence submitted to the Appeals Council becomes part of the record for judicial review if the evidence is new, material, and relates to the period on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). Whether such evidence

---

[3] Although physician assistants are not "acceptable medical source[s]" for purposes of establishing the existence of medically determinable impairments, their information "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939, at *2 (August 9, 2006).

qualifies as new, material, and chronologically relevant is a question of law subject to de novo review. *See Wilson v. Apfel*, 215 F.3d 1338 (Table), 2000 WL 719457, at *2 (10th Cir. June 5, 2000). "[I]n evaluating the Commissioner's denial of benefits under the substantial evidence standard, the district court must consider qualifying new evidence submitted to the Appeals Council." *Martinez v. Astrue*, 389 F. App'x 866, 869 (10th Cir. 2010). "[I]f the ALJ's disability determination was supported by substantial evidence, the district court's very task is to determine whether the qualifying new evidence upsets that decision." *Id.*

In reaching its determination at phase one of step four that Plaintiff retains the ability to lift fifty pounds occasionally and twenty-five pounds frequently, the ALJ – as required – considered all of Plaintiff's symptoms, including pain, and the extent to which such symptoms reasonably can be accepted as consistent with the objective medical evidence regarding Plaintiff's impairment. [AR 17-19]; *see* 20 C.F.R. § 404.1529(a). After concluding Plaintiff has degenerative disc disease, a severe impairment, the ALJ evaluated the intensity, persistence, and effects of Plaintiff's symptoms to determine the extent to which they limit Plaintiff's functioning. [AR 14]. Because the ALJ found Plaintiff's testimony regarding his symptoms to be inconsistent with the objective medical evidence, the ALJ proceeded to evaluate the credibility of those statements against the case record as a whole and concluded Plaintiff is not entirely credible. [AR 18]. *See* 20 C.F.R. § 404.1529(c).

The ALJ listed specific reasons for his credibility findings. [AR 19]; *see* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). Despite Plaintiff's claims in multiple medical appointments that he requires a cane to ambulate, the cane is not prescribed and, more significantly, when the Oklahoma City Cooperative Disability Investigation Unit (CDI)

interviewed Plaintiff at his home, it observed Plaintiff stood, sat, and walked without any apparent difficulty; exhibited a normal gait; did not appear to require a cane; and showed no signs of pain or discomfort. [AR 16, 18, 386-390]. In addition, the state agency physician noted Plaintiff was able to perform his activities of daily living, including driving, doing dishes and laundry, preparing meals, and caring for his personal needs as well as those of this 5-year-old daughter. [AR 19; 297-304]. The ALJ stated he gave great weight to the opinion of the state agency physician "because it was well supported by medically acceptable clinic and laboratory findings, and was consistent with the record when viewed in its entirety." *Id.*

Even with the new evidence, substantial record evidence – "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) – exists to support the ALJ's conclusion. The evidence on which the ALJ relied in making his RFC determination remains, to include: MRIs of Plaintiff's cervical and lumbar spine [AR 267-273]; the opinion of the state agency physician [AR 297-304]; and the observations in the CDI report [AR 386-390]. The new evidence Plaintiff submitted to the Appeals Council does not overwhelm this other record evidence. *See Branum*, 385 F.3d at 1270. Nor is it the job of this Court to reweigh the evidence, particularly on the subject of a claimant's credibility. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (holding it is not the court's province to "reweigh the evidence"); *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (holding "[c]redibility determinations are peculiarly within the province of the find of fact . . . ."). Having "meticulously examine[d] the record as a whole," *Wall*, 561 F.3d at 1052, it is clear Plaintiff's new evidence is not conclusive on the issue of his lifting ability, nor does it

fatally undermine the sufficiency of the evidence supporting the ALJ's decision when the record is viewed as a whole. Substantial evidence supports the ALJ's assessment of Plaintiff's RFC.

## RECOMMENDATION

For the reasons set forth, it is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by December 15, 2015. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 1st day of December, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE